# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Rebecca Buddenberg,** | ) | CASE NO. 1:18-cv-00522 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| | ) | |
| **Robert K. Weisdack, *et al*.,** | ) | **OPINION & ORDER** |
| | ) | |
| **Defendants.** | ) | |

This case is before the Court on Defendants' Motion to Certify Question of Law to the Ohio Supreme Court ("Motion"), Doc #: 46. For the following reasons, the Court **GRANTS** the Motion **IN PART**.

## I.   Background

On March 6, 2018, Plaintiff Rebecca Buddenberg filed the instant civil rights action, pursuant to both federal and state anti-discrimination laws. Doc #: 1. She alleges violations of three Ohio criminal statutes and seeks civil damages for those violations pursuant to O.R.C. § 2307.60. Doc #: 31, ¶¶ 187-207. She alleges violations of O.R.C. § 2921.05 (Retaliation), O.R.C. § 2921.03 (Intimidation), and O.R.C. § 2921.45 (Interfering with Civil Rights). *Id.* O.R.C. § 2921.03(C) includes a civil right of action; Buddenberg seeks civil liability for violations of O.R.C. §§ 2921.05 and 2921.45 pursuant only to O.R.C. § 2307.60.

Defendants moved to dismiss these claims, arguing that a criminal conviction is a condition precedent to civil liability pursuant to O.R.C. § 2307.60. Doc #: 14, 20. On June 28, 2018, the Court denied Defendants' motions without prejudice, finding no clear authority on whether a criminal conviction is required to bring claims pursuant to O.R.C. § 2307.60.[1] Doc #: 38. Defendants moved to certify nine (mostly repetitive) questions to the Ohio Supreme Court on August 1, 2018. Doc #: 46. After reviewing Defendants' Motion, the Court issued an Order limiting Buddenberg's Response to two questions:

1. Does O.R.C. § 2307.60's creation of a civil cause of action for injuries based on a "criminal act" require an underlying criminal conviction?

2. Is a criminal conviction a condition precedent to a civil claim pursuant to O.R.C. § 2921.03?

Buddenberg filed her Response in Opposition on August 15, 2018. Doc #: 48.

**II. Analysis**

A district court has discretion to certify a question of state law to a state supreme court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "[U]se of the certification procedure is most appropriate when the question of state law is new or state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir.1995). The Ohio Supreme Court has established a two-pronged test to certifying questions: (1) the question of Ohio law must be determinative of the proceeding; and (2) there must be no controlling Ohio Supreme Court precedent on the issue. Ohio Sup. Ct R. Prac. XVIII, Sec. 1. In this case, both prongs are met.

---

[1] The Court also denied without prejudice Defendant James Budzik's qualified immunity claims. Defendant Budzik filed a Notice of Appeal to the Sixth Circuit on July 18, 2018. Doc #: 43. His interlocutory appeal is currently pending.

First, whether Buddenberg can only seek civil liability pursuant to O.R.C. §§ 2307.60 and 2921.03 if Defendants have been convicted of the underlying criminal offenses is determinative. Buddenberg does not allege that any Defendant has been convicted of violating O.R.C. §§ 2921.05, 2921. 03, or 2921.45. Thus, if a criminal conviction is required before a plaintiff can seek civil damages pursuant to O.R.C. §§ 2307.60 and 2921.03, Buddenberg's Claims 6-8 must be dismissed for failing to state a claim upon which relief can be granted.

Second, no controlling Ohio Supreme Court precedent exists. O.R.C. § 2307.60 provides that "[a]nyone injured in person or property *by a criminal act* has, and may recover full damages in, a civil action . . .." ORC § 2307.60(A)(1) (emphasis added). Recently, in *Jacobson v. Kaforey*, the Ohio Supreme Court held that O.R.C. § 2307.60 independently authorizes a civil action for damages caused by criminal acts. 75 N.E.3d 203, 204 (Ohio 2016).[2] The Ohio Supreme Court determined that the language of O.R.C. § 2307.60 is plain and unambiguous and found that ORC § 2307.60(A)(1) "specifically authorize[s] a civil action for damages based on *the violation of any criminal statute*." *Id.* at 206 (emphasis added). Jacobson brought claims pursuant to O.R.C. § 2307.60 for violations of three criminal statutes: O.R.C. § 2905.03 (Unlawful Restraint); O.R.C. § 2905.01 (Kidnapping); and O.R.C. § 2905.05 (Child Enticement). None of the *Jacobson* defendants had been convicted of the alleged criminal violations.

Although *Jacobson* is informative, the Ohio Supreme Court specifically stated in its opinion that what a plaintiff must do to prove a claim under O.R.C. § 2307.60 was beyond the scope of the question certified for the Court's review. There is authority from this district that the state statute requires a plaintiff to allege and prove that the defendant was criminally convicted. *See Jane v. Patterson*, No. 1:16-CV-2195, 2017 WL 1345242 (N.D. Ohio Apr. 12,

---

[2] Prior to *Jacobson*, ORC § 2307.60 was thought to "merely codif[y] Ohio common law that a civil action does not merge into a criminal prosecution." *Id.* at 205.

3

2017); *A.A. v. Otsego Local Sch. Bd. of Educ.*, No. 3:15-CV-1747, 2016 WL 7387261 (N.D. Ohio Dec. 21, 2016); *and Ortiz v. Kazimer*, No. 1:11 CV 01521, 2015 WL 1400539 (N.D. Ohio Mar. 26, 2015). However, two of these cases were decided pre-*Jacobson* and the only post-*Jacobson* opinion, *Jane*, does not cite *Jacobson*.

Interestingly, in 2007, the Ohio General Assembly amended O.R.C. § 2307.60 to create a *presumption* of civil liability when the defendant had been convicted of a criminal violation. Am. Sub. S.B. 117. Had the General Assembly wanted to make a criminal conviction a condition precedent to establishing an O.R.C. § 2307.60 claim, they presumably could have done so. However, the creation of this presumption does not conclusively establish that a conviction is not required for civil liability. Accordingly, no controlling authority exists as to whether a criminal conviction is required for a plaintiff to seek civil damages pursuant to O.R.C. § 2307.60.

Similarly, O.R.C. § 2921.03(C) states that:

> A person *who violates this section* is *liable in a civil action* to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of *the commission of the offense* and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.

O.R.C. § 2921.03(C) (emphasis added). O.R.C. § 2921.03(C) does not specifically mention whether a criminal conviction is required for a plaintiff to recover civil damages pursuant to the statute. Additionally, the Ohio Supreme Court has not addressed this issue so no controlling authority exists. Accordingly, both questions meet the Ohio Supreme Court's two-pronged test for certification.

Furthermore, certification of these questions will not delay the case because Defendant Budzik has taken an interlocutory appeal on qualified immunity grounds.

4

**III.    Conclusion**

Accordingly, the Court **GRANTS** Defendants' Motion **IN PART**.  The Court will certify the following two questions to the Ohio Supreme Court:

1. Does O.R.C. § 2307.60's creation of a civil cause of action for injuries based on a "criminal act" require an underlying criminal conviction?

2. Is a criminal conviction a condition precedent to a civil claim pursuant to O.R.C. § 2921.03?

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster Aug. 17, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**
